IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIRUN DAMON DUNN,<br>　#59386-177,<br>　　MOVANT,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. 3:21-CV-2932-X-BK<br>(CRIMINAL NO. 3:19-CR-503-X) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition on the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Movant Airun Damon Dunn. As detailed below, the motion should be **GRANTED**.

**I. BACKGROUND**

Dunn was charged by grand jury indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1)&924(a)(2), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C). Crim. Doc. 39-1 ¶¶ 1, 7-12.[1] Dunn pled guilty to the drug distribution charge under the terms of a plea agreement, Crim. Doc. 29, and was sentenced near the bottom of the guideline range of 100-125 months to

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Airun Damon Dunn*, No. 3:19-CR-503-X-1 (N.D. Tex.).

105 months' imprisonment.² Crim. Doc. 39-1 at 16 (PSR ¶ 65); Crim. Doc. 48. Dunn did not file a direct appeal.

In November 2021, Dunn timely filed this § 2255 motion, asserting a claim of ineffective assistance of counsel at sentencing. Doc. 2 at 7; Doc. 4 at 7. Specifically, Dunn argues that his counsel was ineffective for failing to object to the use of his state marijuana conviction to increase his criminal history points at sentencing.³ Doc. 2 at 7; Doc. 4 at 7. The Government opposes the relief sought, Doc. 7. Dunn did not file a reply.

## II. LEGAL STANDARDS

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the sentencing context, to establish

---

² The Court's Statement of Reasons recites that Dunn's sentence was an extra-guideline variance. Crim. Doc. 49 at 2. While there was considerable discussion at sentencing as to whether an upward or downward departure or variance was appropriate, Dunn's sentence is nevertheless at the low end of the calculated Guidelines imprisonment range. Doc. 7 at 32-36.

³ Whether intentional or a scrivener's error, Dunn refers only to a single marijuana conviction in his duplicate pleadings, Doc. 2 at 7; Doc. 4 at 7. Nevertheless, the Court's review reveals the inclusion of both marijuana convictions in Dunn's Criminal History Category calculation was in error.

2

prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### III.  ANALYSIS

Dunn's sole claim—that defense counsel was ineffective for failing to object to the inclusion of his state misdemeanor conviction for possession of marijuana in his criminal history calculation—is lacking in factual enhancement and is, as the Government argues, conclusory.[4] Nevertheless, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). And under liberal construction, it is clear that Dunn's claim has merit.

As relevant here, the Sentencing Guidelines provide that "offenses committed prior to age eighteen" that resulted in at least a 60-day sentence are counted "if the defendant was released from such confinement *within five years* of his commencement of the instant offense." USSG §4A1.2(d)(2)(A) (emphasis added). Here, the Presentence Report (PSR), adopted by the Court without change, included two points in the calculation of Dunn's Criminal History Category for each of the 60-day sentences for two marijuana convictions committed when he was 17 years old. However, the sentences, both imposed on November 1, 2013, were completed *more than five years* before June 13, 2019, which the PSR correctly notes as the "earliest offense

---

[4] *See Favela v. Collier*, 91 Fd.4th 1210, 1213 (5th Cir. 2024) ("An assertion is conclusory if it relies on inferences without also setting forth the facts that support those inferences.") (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 898–99 (1990) and BLACK'S LAW DICTIONARY (11th ed. 2019) ("Expressing a factual inference without stating the underlying facts on which the inference is based").

date, including relevant conduct," for calculating Dunn's criminal history. Crim. Doc. 39-1 at 9-10 (PSR ¶¶ 35, 37, 39); Crim. Doc. 49 at 1.  The judgments and orders of commitments in each case (Dallas County case numbers M1357355 & M1320782), copies of which are attached hereto as Exhibits A and B, confirm that with good time credit and credit for time served, both sentences were completed on the date imposed, November 1, 2013.[5]  Thus, the two convictions were not countable under the Guidelines.

Although neither the prosecutor nor defense counsel objected to the erroneous calculation of the Guideline sentencing range in this case, the error is obvious upon review of the PSR.[6] Section 4A1.2(d)(2)(A) unequivocally excludes Dunn's two misdemeanor marijuana possession convictions from the calculation of his Criminal History Category.  Thus, defense counsel's performance was deficient for failing to object on that basis.

Further, Dunn, who was sentenced within the calculated guideline range, was prejudiced because his sentence was increased as a result of counsel's deficient performance.  Because of the erroneous inclusion of the two misdemeanor marijuana convictions, Dunn's Criminal History Category was increased substantially from III to V, and consequently, his Guidelines imprisonment range was increased from 70-87 months to 100-125 months.  Crim. Doc. 39-1 at 11 (PSR ¶ 41); USSG Ch.5, Pt.A (Sentencing Table).  *See Glover*, 531 U.S. at 203 (finding "any amount of actual jail time has Sixth Amendment significance").

---

[5] The orders are available online by inputting the misdemeanor case numbers at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed 02/29/2024).

[6] Indeed, based on its response to Dunn's pointed claim in this case, the Government has again overlooked the error.

## IV. CONCLUSION

For the foregoing reasons, Dunn's Section 2255 motion should be **GRANTED**, his sentence should be **VACATED**, and he should be **RESENTENCED** in accordance with the findings herein.

**SO RECOMMENDED** on February 29, 2024.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

5

# ATTACHMENT A

# ATTACHMENT B